UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATE OF AMERICA

v.                                Case No.: 8:08-cr-526-T-33EAJ

TEODULO IBARGUEN GARCES
_____/

**ORDER**

This matter comes before the Court pursuant to Teodulo Ibarguen Garces's Construed Motion for Return of Property (Doc. # 59), filed October 11, 2013.  The Government filed a response (Doc. # 61) on October 30, 2013.  For the reasons that follow, the Court denies the Motion for Return of Property.

**I. Background**

Teodulo Ibarguen Garces was arrested on December 15, 2008. (Doc. # 13).  At the time of his arrest, FBI agents seized Garces's Colombian driver's license. (Doc. # 61). On December 16, 2008, a grand jury handed down an indictment charging Garces and Juan Fermin Moreno Murillo with conspiracy to possess cocaine with intent to distribute and possession of cocaine with intent to distribute. (Doc. # 9).

Garces pled guilty to the indictment, and the Court accepted his plea on April 13, 2009. (Doc. # 42). He was sentenced on July 6, 2009, to 108 months imprisonment. (Doc. # 48). He filed this Construed Motion for Return of Property on October 11, 2013. (Doc. # 59). On October 30, 2013, the Government filed a timely response. (Doc. # 61).

## II. Legal Standard

Under Federal Rule of Criminal Procedure 41(g), an individual whose property has been seized by the government may file a motion for return of the property. The movant must demonstrate that he has a possessory interest in the seized property and that he has "clean hands with respect to that property." United States v. Howell, 425 F.3d 971, 974 (11th Cir. 2005). "[A] Rule 41(g) motion is properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture, or the government's need for the property as evidence continues." United States v. Garcon, 506 F. App'x 366, 369 (11th Cir. 2010). If the government does not wish to return the property, it must have and state a legitimate reason for doing so. United States v. Potes Ramirez, 260 F.3d 1310, 1314 (11th Cir. 2001). The government is not obligated to return property

that it no longer possesses, but it must provide evidence demonstrating that it no longer maintains possession. See id. (holding that the district court erred when it relied on the government's representation that the property sought by the defendant had been destroyed because the government did not submit any evidence of the property's destruction).

## III. Analysis

Garces requests the return of his "official identification," which federal agents allegedly seized upon his arrest. (Doc. # 59). According to the Government, the only identification seized by the FBI at the time of Garces's arrest in 2008 was a Colombian driver's license. (Doc. # 61 at 1). It was later destroyed in 2012, along with other materials seized in Garces's case. (Id. at 2). The Government's account is supported by a letter from the FBI case agents. (Doc. # 61-1). The letter also states that the Department of Homeland Security possesses no identification documents pertaining to Garces. (Id.). As the Government is under no obligation to return property it no longer possesses, see Potes-Ramirez, 250 F.3d at 1314, the Court will deny Garces's Motion.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

-4-

Teodulo Ibarguen Garces's Construed Motion for Return of Property (Doc. # 59) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>4th</u> day of November, 2013.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record